**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carolyn R. Watson, | No. CV-06-1731-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Avondale Elementary School District #44, | |
| Defendant. | |

Defendant has filed a motion for summary judgment. Dkt. #30. A response and reply have been filed. Dkt. ##32-33. The Court will grant the motion.[1]

**I.   Background.**

Defendant hired Plaintiff in November 2003. Plaintiff was assigned to Avondale Middle School as a collaborative peer teacher ("CPT") for the 2004-2005 school year. A CPT assists teachers with their classroom skills. Plaintiff was reassigned to a classroom teaching position at Desert Thunder School for the 2005-2006 school year. Plaintiff's employment with Defendant ended in June 2006.

Plaintiff filed a pro se complaint against Defendant on July 12, 2006. Dkt. #1. The complaint explicitly asserts sexual harassment, racial discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended. *Id.* ¶¶ 9-10. Construed

---

[1] The request for oral argument is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  liberally, the complaint also asserts disability and age discrimination claims. *Id.* ¶¶ 6-7.

**II.    Defendant's Motion for Summary Judgment.**

Defendant argues that Plaintiff has not created a genuine issue of material fact for trial and that it is entitled to judgment as a matter of law. Dkt. #30. Defendant's motion is supported by a separate statement of facts. Dkt. #31. Plaintiff filed a memorandum in opposition to the motion (Dkt. #32), but did not file a controverting statement of facts as required by Local Rule of Civil Procedure 56.1(a).

**A.    Summary Judgment Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Summary judgment may be entered against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

**B.    Rules Governing Pro Se Litigation.**

Pro se litigants "must be ensured meaningful access to the courts." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc). In the context of a motion for summary judgment, "[d]istrict courts are obligated to advise *prisoner* pro per litigants of Rule 56 requirements." *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988) (citing *Hudson v. Hardy*, 412 F.2d 1091, 1094 (D.C. Cir. 1968)) (emphasis added). The Ninth Circuit has declined, however, to extend this duty to all pro se litigants. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364-67 (9th Cir. 1986) (declining to extend the *Hudson* rule because "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Rand*, 154 F.3d at 956 (observing that the court in *Jacobsen* "refused to apply the

1  [*Hudson* fair notice requirement] to pro se non-prisoners"); *see also King v. Atiyeh*, 814 F.2d
2  565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that
3  govern other litigants.").

4        The Court will therefore apply the general summary judgment standard to Defendant's
5  motion, construing Plaintiff's pleadings liberally in her favor. *See Eldridge v. Block*, 832
6  F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed federal courts to
7  liberally construe the 'inartful pleading' of pro se litigants.") (citations omitted); *see also*
8  *Semper v. JBC Legal Group*, No. C04-2240L, 2005 WL 2172377, at *1 (W.D. Wash. Sept. 6,
9  2005) ("Although the rule requires that the allegations of a pro se complaint be liberally
10 construed when determining whether a viable claim has been asserted and that strict
11 compliance with procedural/technical rules will not be expected of pro se litigants, it does
12 not alter the summary judgment standard or otherwise give pro se non-prisoner litigants
13 multiple opportunities to present their evidence.").

14 **III.    Analysis.**

15       **A.    Sexual Harassment.**

16       Title VII provides that an employer may not discriminate against an individual with
17 respect to the terms and conditions of employment because of her sex.  42 U.S.C.
18 § 2000e-2(a)(1).  A plaintiff may establish a sex discrimination claim under Title VII by
19 proving that sexual harassment created a hostile work environment. *See Meritor Sav. Bank*
20 *v. Vinson*, 477 U.S. 57, 66-67 (1986); *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 22 (1993).
21 The plaintiff must prove that she was subjected to verbal or physical conduct, that the
22 conduct was unwelcome, and that the conduct was sufficiently severe or pervasive to alter
23 the terms and conditions of her employment and create an abusive work environment. *See*
24 *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1065 (9th Cir. 2002) (en banc).  The work
25 environment "must be both objectively and subjectively offensive, one that a reasonable
26 [woman] would find hostile or abusive, and one that the [plaintiff] in fact did perceive to
27 be so."  *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

28       Plaintiff's sexual harassment claim is based on a single incident involving a coworker.

1   In order for such an incident to be actionable under Title VII, it " must be extremely severe."
2   *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).  The plaintiff "must show
3   that she reasonably feared she would be subject to such misconduct in the future because the
4   [defendant] encouraged or tolerated the harassment."  *Id.* at 924.

5   Plaintiff described the incident in question as follows:

> I was in the school office.  And the school custodian, Mr. Augustine Fernandez, . . . quietly walked up behind me and pressed his body into mine, into my rear end and back.  I was angry.

8   Dkt. #31-3 at 11, Pl.'s Dep. at 116:17-20; *see* Dkt. #1 ¶ 6(A).  It is undisputed that following
9   Plaintiff's complaint of harassment, Defendant barred Mr. Fernandez from the school and
10  directed that he not make contact with Plaintiff.  Dkt. #31 ¶ 7.  Defendant also investigated
11  the incident by interviewing Mr. Fernandez and the two employees who were present during
12  the alleged incident.  *Id.* ¶¶ 6, 8.  Defendant found no evidence of inappropriate conduct from
13  those interviews.  *Id.* ¶ 17.  Plaintiff indicated that she would not be interviewed in-person,
14  but would respond to written questions.  *Id.* ¶¶ 9-11.  Defendant sent Plaintiff a series of
15  questions regarding the alleged incident.  *Id.* ¶ 15.  Plaintiff did not respond.  *Id.* ¶ 16.[2]

16  The Court concludes that Mr. Fernandez's single instance of harassment was not
17  sufficiently severe to render Defendant liable under Title VII.  In *Brooks*, the plaintiff's
18  coworker placed his hand on the plaintiff's stomach and commented on its "softness and
19  sexiness."  He also cornered the plaintiff and forced his hand underneath her sweater and bra
20  to fondle her breast, stating that she did not have to worry about cheating on her husband
21  because he would "do everything."  229 F.3d at 921.  The Ninth Circuit concluded that while
22  this conduct was egregious, it was not sufficiently severe to violate Title VII given the
23  defendant's prompt remedial action.  *Id.* at 926-27.

24  This case, like *Brooks*, involves a single incident of sexual harassment.  Defendant,

---

[2]Plaintiff asserts that Mr. Fernandez was present at the school on two occasions in February 2005 in violation of restrictions imposed by Defendant, and that this "sent Plaintiff into shock and caused her to become fearful and question whether she was in any impending danger."  Dkt. #32 at 3.  Plaintiff, however, has presented no evidence to support this assertion.

- 4 -

1  like the employer in *Brooks*, promptly removed the harasser from the workplace and
2  investigated the incident. "No reasonable woman in [Plaintiff's] position would believe that
3  [Mr. Fernandez's] misconduct had permanently altered the terms or conditions of her
4  employment." *Brooks*, 229 F.3d at 924; *cf. Little v. Windermere Relocation, Inc.*, 301 F.3d
5  958, 967 (9th Cir. 2002) (distinguishing *Brooks* because the single episode of harassment
6  involved three violent rapes and the employer condoned the harassment); *Al-Dabbagh v.
7  Greenpeace, Inc.*, 873 F. Supp 1105 (N.D. Ill. 1994) (distinguished by *Brooks* because the
8  harasser violently assaulted the plaintiff and forced her to have sex with him). The Court will
9  grant summary judgment on Plaintiff's sexual harassment claim.

10     **B.     Race Discrimination.**

11    Title VII makes disparate treatment based on race a violation of federal law.
12  42 U.S.C. § 2000e-2(a)(1). To establish disparate treatment under Title VII, the plaintiff
13  must first make a prima facie case of discrimination. She must show that she belongs to a
14  protected class, that she was qualified for her position, that she was subjected to an adverse
15  employment action, and that similarly situated individuals outside her protected class were
16  treated more favorably. If a prima facie case is made, the burden of production shifts to the
17  employer to articulate some legitimate, nondiscriminatory reason for its action. Then, in
18  order to prevail, the plaintiff must show that the employer's stated reason was a mere pretext
19  for discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *Villiarimo
20  v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002) (citing *McDonnell Douglas
21  Corp. v. Green*, 411 U.S. 792, 802 (1973)).

22    Plaintiff asserts that she was the only African-American CPT employed by Defendant.
23  Dkt. #32 at 5. Plaintiff further asserts that at a meeting held on May 17, 2005, she was
24  informed that she would be demoted to a classroom teaching position for the 2005-2006
25  school year because she was not a "good fit" and was not a "happy person." *Id.* at 4-5.
26  Plaintiff claims that Defendant discriminated against her because of her race by singling her
27  out for the meeting and demotion. *Id.* at 6-7. Defendant has presented evidence that it
28  reassigned Plaintiff to a teaching position as a result of Defendant's restructuring and new

1    enrollment and budget information, and that other CPTs outside Plaintiff's protected class
2    were also reassigned to teaching positions. Dkt. #31 ¶¶ 18-23, 30.

3    "[U]nder the *McDonnell Douglas* framework, 'the requisite degree of proof necessary
4    to establish a prima facie case for Title VII on summary judgment is minimal and does not
5    even need to rise to the level of a preponderance of the evidence.'" *Villiarimo*, 281 F.3d at
6    1062 (citation omitted). In this case, however, Plaintiff has presented *no* evidence to
7    establish the fourth element of a prima facie case of race discrimination – that similarly
8    situated individuals outside her protected class were treated more favorably. Moreover,
9    Plaintiff has failed to demonstrate a triable issue as to whether Defendant's stated reasons for
10   reassigning her "were not its true reasons, but were a pretext for discrimination." *Tex. Dep't*
11   *of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). Plaintiff has presented no direct
12   evidence of a discriminatory motive, nor has she presented substantial circumstantial
13   evidence showing that Defendant's "'proffered explanation is unworthy of credence.'"
14   *Villiarimo*, 281 F.3d at 1062 (citation omitted).

15   In response to Defendant's well-supported motion for summary judgment, Plaintiff
16   was required to come forward with "specific facts showing that there is a genuine issue for
17   trial." Fed. R. Civ. P. 56(e). Plaintiff's general allegations and denials are insufficient to
18   withstand summary judgment. *See id.*; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
19   475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c),
20   its opponent must do more than simply show that there is some metaphysical doubt as to the
21   material facts."). The Court will grant Defendant's motion with respect to Plaintiff's race
22   discrimination claim. *See Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1126-27 (9th
23   Cir. 2001) (affirming summary judgment where the plaintiff merely speculated as to the
24   defendant's motive for discharging him); *Vasquez v. County of L.A.*, 349 F.3d 634, 641-42
25   (9th Cir. 2004) (affirming summary judgment where the plaintiff presented no evidence
26   showing that the defendant's reason for transferring him was pretextual).

27   **C.     Disability Discrimination.**

28   The Americans with Disabilities Act "prohibits covered employers from discharging

1 otherwise qualified employees solely because they have a disability." *Broussard v. Univ. of Cal.*, 192 F.3d 1252, 1255 (9th Cir. 1999) (citing 42 U.S.C. § 12112(a)). To prevail in an employment termination case under the ADA, the plaintiff must show that she is a disabled person within the meaning of the ADA, that she was qualified for her position – that is, she was able to perform the essential functions of the job with or without reasonable accommodation – and that the employer terminated her because of her disability. *See id.* at 1255-56 (citing *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)).

Plaintiff claims a disability due to the emotional and mental trauma caused by her reassignment to a classroom teaching position. Dkt. #31 ¶ 32. In November 2005, Defendant granted Plaintiff's request for disability leave for the remainder of the 2005-2006 school year. *Id.* ¶ 33. When Plaintiff failed to provide Defendant with evidence of her ability to return to work, Defendant decided not to offer Plaintiff a new contract for the 2006-2007 school year. *Id.* ¶ 39.

Plaintiff asserts that Defendant did not give her sufficient time to submit evidence of her medical condition. Dkt. #32 at 7. Even if true, however, this fact does not support a disability discrimination claim. Plaintiff admits that she was unable to return to work and perform the essential functions of her job with or without reasonable accommodation, and that Defendant acted reasonably in not offering her a contract for the 2006-2007 school year. Dkt. #31 ¶¶ 38-41, 43-46. There is thus no genuine issue of material fact as to whether Plaintiff was a qualified individual under the ADA. The Court will grant summary judgment on Plaintiff's disability discrimination claim. *See Kennedy*, 90 F.3d at 1481 (affirming summary judgment where the plaintiff was totally disabled and thus not able to perform her job with or without reasonable accommodation).

**D.    Retaliation.**

Title VII "prohibits retaliation against an employee 'because [she] has opposed any practice made an unlawful employment practice'" by Title VII. *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1082 (9th Cir. 1996) (quoting 42 U.S.C. § 2000e-3(a)). A plaintiff makes a prima facie case of unlawful retaliation by producing evidence that she engaged in activity

protected by Title VII, that the employer subjected her to a materially adverse action, and that there was a causal link between the protected activity and the adverse action. *See Vasquez*, 349 F.3d at 642; *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S. Ct. 2405, 2409 (2006).

Plaintiff engaged in protected activity when she complained to Defendant about the alleged sexual harassment. *See* 42 U.S.C. § 2000e-3(a). Plaintiff claims that she was subjected to a materially adverse action when she was reassigned to a teaching position. Dkt. #32 at 7. Defendant argues that Plaintiff has no evidence of a retaliatory motive behind any of its actions, including the decision to reassign Plaintiff and the decision not renew her contract. Dkt. #30 at 15.

The Supreme Court has stated that temporal proximity between the defendant's knowledge of protected activity and a materially adverse action can constitute sufficient evidence of causality to establish a prima facie case, but only if the temporal proximity is "very close." *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273-74 (2001); *see Villiarimo*, 281 F.3d at 1065 ("'[I]n order to support an inference of retaliatory motive, the [adverse action] must have occurred fairly soon after the employee's protected expression.'") (citation omitted).

In this case, Plaintiff first complained about the alleged sexual harassment on December 13, 2004. Dkt. #31 ¶ 4. Construing the evidence in Plaintiff's favor, as the Court must at the summary judgment stage, Defendant decided to reassign Plaintiff to a teaching position in April 2005 and decided not to renew her contract on May 18, 2006. *Id.* ¶¶ 22, 38-39. The Court finds that the more than three-month period between Plaintiff's protected activity and Defendant's decision to reassign Plaintiff is simply too long to constitute sufficient evidence of causation to establish a prima facie case of retaliation. *Cf. Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1069 (9th Cir. 2004) (nine days sufficient to infer causation); *Bell v. Clackamas County*, 341 F.3d 858, 866 (9th Cir. 2003) (four days). Similarly, the seventeen-month period between the protected activity and Defendant's decision not to renew Plaintiff's contract "suggests, by itself, no causality at all." *Breeden*, 532 U.S. at 274.

Moreover, even if the Court were to assume that Plaintiff can make a prima facie case, she has presented no evidence showing that Defendant's proferred reasons for its decisions were mere pretexts for retaliation. The Court will grant summary judgment on Plaintiff's retaliation claim. *See Vasquez*, 349 F.3d at 646 (affirming summary judgment on the plaintiff's retaliation claim because "he failed to show a causal link").

**E.     Age Discrimination.**

Plaintiff alleges in her complaint that Defendant engaged in a pattern of discrimination that adversely affected the terms and conditions of her employment by creating a hostile work environment because of her age. Dkt. #1 ¶6. Defendant argues that this claim must be dismissed as time barred because Plaintiff never filed a charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"). Dkt. #30 at 15-16. Plaintiff does not address this argument in her response. *See* Dkt. #32.

"Before bringing suit under Title VII, a plaintiff must exhaust the administrative remedies available under [42 U.S.C. §] 2000e-5. The plaintiff must file a discrimination charge with the [EEOC] and receive a right-to-sue letter from the [EEOC]. Failure to observe these requirements renders a suit subject to dismissal[.]" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (citations omitted); *see EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) ("[Plaintiff] was required to exhaust her EEOC administrative remedies before seeking federal adjudication of her claims."); *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1994) ("In order to litigate a Title VII claim in federal court, [plaintiff] must have exhausted her administrative remedies[.]") (citations omitted).

In order for Plaintiff's age discrimination claim to be timely, she had to file a charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("[Section] 2000e-5(e)(1) is a charge filing provision that 'specifies with precision' the prerequisites that a plaintiff must satisfy before filing suit.") (citation omitted). Construing the evidence in Plaintiff's favor, the latest alleged act of discrimination occurred on June 5, 2006 when Defendant decided not to renew Plaintiff's contract. Dkt. #31 ¶ 39.

1 Plaintiff therefore was required to file a charge of age discrimination by April 2, 2007 –
2 that is, 300 days after June 5, 2006. Plaintiff testified in July 2007 that she had never filed
3 a charge of age discrimination with the EEOC. Dkt. #31-4 at 12, Pl.'s Dep. at 242:15-20.
4 Plaintiff's age discrimination claim is therefore time barred. *See* 42 U.S.C. § 2000e-5(e)(1);
5 *Morgan*, 536 U.S. at 109 ("A claim is time barred if it is not filed within [the] time limits [of
6 § 2000e-5(e)(1)]."). The Court will grant Defendant's summary judgment motion with
7 respect to this claim.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #30) is **granted**.

2. The Clerk is directed to **terminate** this action.

DATED this 2nd day of November, 2007.

_____
David G. Campbell
United States District Judge